**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-129-RJC**

| | |
|---|---|
| **DENNIS ROGER VAN DYKE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **J. PILLAND, Rutherford County** ) | |
| **Detention Center Doctor, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915; 1915A.

When Plaintiff filed this lawsuit on June 6, 2012, he was a prisoner incarcerated in the Rutherford County Jail. Plaintiff is a frequent filer of pro se lawsuits in this district. Plaintiff has filed no less than twenty-three (23) lawsuits in this Court, at least fifteen of which were complaints filed under 42 U.S.C. § 1983, with fifteen accompanying applications to proceed in forma pauperis. On August 1, 2006, the Honorable Graham C. Mullen provided an overview of Plaintiff's allegations in eight of these complaints and made the following findings and warning in an order granting defendants' motion for summary judgment:

> On June 21, 2006 alone, Plaintiff filed five separate Complaints requiring this Court's time and resources. All five of those Complaints were dismissed on initial review for failure to state a claim for relief, frivolousness, or failure to file in the proper district. Plaintiff's frequent filings are abusive in that they each require significant time and attention from the Court's legal staff that could be better served on cases that state legitimate constitutional violations. Plaintiff is put on notice that because he has had at least three cases dismissed, in this district alone, as frivolous or for failure to state a claim upon which relief may be granted, he may not file future civil actions or appeal a judgment in a civil proceeding under 28 U.S.C. § 1915 in any federal district unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

(Case No. 1:05-cv-357, Doc. No. 31 at 4) (emphasis in original). Plaintiff appealed, and the United States Court of Appeals for the Fourth Circuit affirmed summary judgment for the defendants for the reasons stated in Judge Mullen's Order. VanDyke v. Officer O'Donnell, et al., No. 06-7454 (4th Cir. Mar. 27, 2007); (Case No. 1:05-cv-357, Doc. No. 39).

Regarding Plaintiff's abusive filings, the Court finds that it must take some limited action to protect itself from Plaintiff's disregard for its time and other dwindling resources. The Court does not lightly consider the imposition of a pre-filing review system upon Plaintiff: "a judge should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004). The use of such a measure against a pro se litigant should be approached with particular care. Id. at 818. In Cromer, the Court identified a test for determining whether to impose limitations on a litigant's access to the Courts. Id. The Court must:

> weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id. "'Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.'" Black v. New Jersey, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011) (unpublished) (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

As to the foregoing factors, the Court has already outlined Plaintiff's history of filings in this judicial District, which reflects a lack of respect for the judicial process. Plaintiff lacked a

good faith basis for filing most, if not all, of his complaints. Despite being told by Judge Mullen on August 1, 2006, (Case No. 1:05-cv-357, Doc. No. 31), and by the Fourth Circuit on July 11, 2007, (Case No. 1:06-cv-00192, Doc. Nos. 13; 14), that he was subject to § 1915(g)'s bar to filing civil actions under the PLRA without prepayment of the filing fee, Plaintiff continues to file meritless lawsuits accompanied by applications to proceed without prepaying the filing fee.

The Court finds that Plaintiff's filings constitute harassment. They have caused the Court to expend considerable resources. Based upon these circumstances, the Court concludes that Plaintiff will continue his abusive behavior if he is not subjected to a pre-filing review system. On July 3, 2012, this Court entered an Order in another action filed by Plaintiff warning Plaintiff that the Court may impose a pre-filing review system and giving Plaintiff the opportunity to explain why such system should not be imposed. See (Vandyke v. Francis, 1:12cv128, Doc. No. 4 (W.D.N.C. July 3, 2012)); see also Black, 2011 WL 102727, at *1 (Before imposing a pre-filing injunction, "the litigant must be given notice and an opportunity to be heard on the matter."). Plaintiff did not respond to the Court's Order.

Plaintiff was forewarned that in the event he failed to articulate a reason why the pre-filing review system should not be imposed, the Court would enter an Order directing that all documents submitted by Plaintiff in the future be pre-screened for content:

> The Court will review all of Plaintiff's intended filings. Any such document that is not made in good faith or which does not contain substance or merit, will be returned to Plaintiff without further explanation. Such a system will allow Plaintiff to have access to the Courts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions.

Vandyke v. Francis, 1:12cv128, Doc. No. 4.

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574,

596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

At least three of Plaintiff's previous complaints were dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted. See, e.g., (Case Nos. 1:05-cv-357-GCM; 1:06-cv-172-GCM; 1:06-cv-200-GCM; 1:12-cv-113-RJC).

This Court has examined Plaintiff's Complaint, (Doc. No. 1), and finds that Plaintiff's Complaint fails to demonstrate that he "is under imminent danger of serious physical injury" as required by § 1915(g) of the PLRA. Plaintiff filed this action on June 6, 2012, naming the following persons as Defendants: (1) "J. Pilland," identified as a "Rutherford County Detention Center Doctor"; (2) Chris Francis, identified as the Rutherford County Sheriff; (3) Chad Murray, identified as a Rutherford County Detention Center Lieutenant Administrator; and (4) Allen Young, identified as a Rutherford County Detention Center Lieutenant Administrator. (Doc. No. 1 at 1-3). In the Complaint, Plaintiff identifies himself as a "paranoid schizophrenic," see (id. at 7), and his allegations are rambling and, at times, nonsensical. In part of the Complaint, Plaintiff alleges that Defendants are either giving him inadequate doses, or refusing doses altogether, of certain medications that he needs for high cholesterol and migraines. (Doc. No. 1 at 5; 6). Plaintiff alleges that because he is not receiving these medications as needed that he is at risk of suffering a heart attack or stroke, both of which "run in his family." See (Id. at 5). Plaintiff also asserts he is in prison in violation of his double jeopardy rights and that he was wrongly

4

convicted and served a sentence for a crime that he does not identify, but he alleges that he was wrongly accused of shooting another man. See (Id. at 4). As relief, Plaintiff seeks, among other things, "immediate release from double jeopardy," as well as compensatory damages for his alleged pain and suffering. See (Id.).

Plaintiff is subject to § 1915(g)'s bar to filing civil actions under the PLRA without prepayment of the filing fee and has not alleged a plausible claim that he is under imminent danger of serious physical injury.[1] While the Clerk of Court correctly found that Plaintiff could not afford to prepay the fees and costs in this action, see (Doc. No. 3), pursuant to 28 U.S.C. § 1915(g), Plaintiff's Application to Proceed in forma pauperis must be denied. This Court will dismiss Plaintiff's Complaint without prejudice to his ability to re-file with prepayment of the filing fee. **The Court further advises Plaintiff that he is now subject to a pre-filing review system, and any future actions by Plaintiff that are not made in good faith or are clearly without merit may be returned to Plaintiff without further explanation**.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in forma pauperis, (Doc. No. 1-1), is **DENIED**;
2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED without prejudice**.

---

[1] Plaintiff alleges in conclusory fashion in his prayer for relief that the prison's refusal to give him certain medications has "kept [his] life in danger of death and pure suffering." See (Doc. No. 1 at 6). He also claims that his family has a history of heart attacks and strokes, and that he might suffer from either of these conditions if he does not receive the medications he needs. These allegations are conclusory and do not plausibly allege that Plaintiff is under imminent danger of serious physical injury.

5

Signed: June 10, 2013

Robert J. Conrad, Jr.
United States District Judge